UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADHA BOLIVAR and ANGELICA GOATACHE,<br><br>                          Petitioners,<br><br>v.<br><br>NETRADYNE, INC.,<br><br>                        Respondent. | Case No.:  3:25-cv-1722-RBM-GC<br><br>**ORDER DENYING MOTION FOR REIMBURSEMENT OF COSTS OF COMPLIANCE WITH SUBPOENA [Dkt. No. 13]** |

Before the Court is Respondent Netradyne, Inc.'s ("Netradyne" or "Respondent") Motion for Reimbursement of Costs of Compliance with Subpoena (the "Motion"). Dkt. No. 13. Having reviewed the Motion and Petitioners' Radha Bolivar and Angelica Goatache (collectively "Petitioners") Response in Opposition to Motion for Reimbursement of Costs of Compliance with Subpoena (the "Opposition") [Dkt. No. 14], the Motion is **DENIED** for the following reasons:

## I.      BACKGROUND

### A.    Procedural History

This matter relates to an active litigation filed by Petitioners in the Eastern District of Tennessee. *Bolivar et al. v. HMD Trucking, Inc et al.*, No. 1:24-cv-00155-TRM-MJD (E.D. Tenn.). On February 18, 2025, Petitioners served a subpoena on Netradyne, Inc., a

3:25-cv-1722-RBM- GC

nonparty to the litigation based in San Diego. Dkt. No. 1-3 at 16. Seeking to enforce the subpoena, Petitioners filed a Motion to Enforce Out of District Subpoena on July 7, 2025 with this Court. Dkt. No. 1. That same day, the Court denied Petitioners' Motion without prejudice and ordered the parties to file a Joint Motion for Discovery Dispute Determination. Dkt. No. 2. On November 10, 2025, the parties filed the Joint Motion. Dkt. No. 4.

On February 12, 2026, the Honorable Magistrate Judge Crawford issued two orders related to the parties' Joint Motion. Dkt. No. 4. First, the Court held Respondent adequately complied with Petitioners' subpoena by producing responsive documents within its possession and control. Dkt. No. 11. Next, the Court ordered the parties to meet and confer regarding Respondent's request under Fed. R. Civ. P. 45(d)(2)(B)(ii) for the mandatory shifting of its costs associated with subpoena compliance and setting a briefing schedule for Respondent to file a Motion supported by "exhibits showing the costs incurred" if the parties did not reach agreement. Dkt. No. 12. Because the parties were unable to resolve the issue on their own, Respondent filed the instant Motion on February 23, 2026. Dkt. No. 13. Petitioners filed their Opposition on March 2, 2026. Dkt. No. 14.

B.      Relevant Factual Background

Respondent's Motion requests reimbursement of "$10,145 of costs it incurred to comply with [Petitioners'] subpoena," and includes two exhibits demonstrating a total of $10,645 in costs allegedly incurred in complying with the subpoena. Dkt. No. 13 at 2, Dkt. Nos. 13-1, 13-2. The contents of each exhibit are explained in detail below.

Exhibit 1 shows Respondent's attorney's billing sheets and uses yellow highlighter to demarcate which billing entries were allegedly incurred complying with the subpoena and an "excel spreadsheet calculating the total fee charged to Netradyne, Inc. for the highlighted entries, which equals $7,645.00[,]"based on 13.9 hours of work performed by counsel at a rate of $550 per hour. Dkt. Nos. 13 at 6, 13-1 at 4. The highlighted entries include communications with the client, meet and confer efforts with opposing counsel, and drafting objections and responses to the subpoena. *See* Dkt. No. 13-1 at 1-2.

Exhibit 2 appears to be a screenshot of "communications provided by Netradyne's India personnel in response to [counsel's] request that they identify all expenses incurred for compliance with the Subpoena." Dkt. No. 13 at 8. The screenshot shows an email from an unidentified Netradyne employee who asserts that Netradyne's engineers worked for forty (40) hours at a rate of seventy-five dollars ($75) per hour, totaling to $3,000 of labor. Dkt. No. 13-2 at 1. No additional information is provided regarding what work was performed, when it was performed, who performed it, and how it was related to compliance with the subpoena.

## II.   **LEGAL STANDARD**

"Rule 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013). When determining whether to shift the nonparty's cost of compliance, the court considers two factors: "[1] whether the subpoena imposes expenses on the non-party, and [2] whether those expenses are 'significant.'" *Id.*

"[N]either the Federal Rules nor the Ninth Circuit has defined significant expenses, which is a term that readily lends itself to myriad interpretations depending on the circumstances of a particular case." *United States v. McGraw-Hill Cos.*, 302 F.R.D. 532, 536 (C.D. Cal. 2014) (quotations omitted). When determining whether an expense is significant, the court "should consider the ability of the producing non-party to bear the costs of production." *Id.* For example, "an expense might be 'significant' … to a small family-run business, while being 'insignificant' to a global financial institution." *Pandora Media, LLC v. 800 Pound Gorilla Media, LLC*, WL 4799115 at *2 (C.D. Cal. Sept. 16, 2024) (collecting cases).

Courts also analyze whether a nonparty has an interest in the outcome of the underlying case. *Cornell v. Columbus McKinnon Corp.*, No. 13-cv-02188-SI, 2015 WL 4747260, at *3, 5 (N.D. Cal. Aug. 11, 2015). Rule 45's cost-shifting provision "was not intended as a mechanism for entities which stand to benefit from certain litigation outcomes to evade discovery costs arising from their involvement in the underlying acts that gave

3:25-cv-1722-RBM- GC

rise to the lawsuit." *Id.* at \*5 (citation omitted). In addition, the nonparty seeking cost shifting must demonstrate that its costs are reasonable. *McGraw–Hill Companies, Inc.*, 302 F.R.D. at 536 ("Rule 45 does not cut a blank check to non-parties—unnecessary or unduly expensive services do not 'result from compliance' and, therefore, do not count as 'expenses.'").

## III.    ANALYSIS

Netradyne requests that the Court shift two categories of costs they allegedly incurred in complying with Petitioners' subpoena: (1) engineer costs and (2) legal costs.

### A.    Engineering Costs

First, Netradyne failed to provide adequate documentation to support its request to shift the cost of $3,000 in engineer labor. The only documentation Netradyne provided in support of this request is a one-page screenshot of an email and a short description of the email in the Dean Janis Declaration. Dkt. No. 13 at 8, Exhibit 2. This documentation fails to establish basic facts that demonstrate that this labor was incurred solely in compliance with Petitioners' subpoena. In fact, the email itself does not even mention the subpoena, provides no dates for when the work was performed, includes no details on the who performed the work or what kind of work they performed, provides no information on any of the individuals communicating in the email, and does not even include the date the email was sent. Thus, the Court lacks sufficient documentation to find that these engineering costs were incurred in compliance with the subpoena.

### B.    Legal Fees

Next, Netradyne alleges it incurred $7,645 in legal fees related to compliance with the subpoena. Dkt. No. 13 at 6. As explained further below, the Court need not conduct an analysis of whether the alleged fees are recoverable under Rule 45(d)(2)(B)(ii) because even if all of attorney's fees Netradyne alleges are recoverable, $7,645 in costs is not significant to a company of Netradyne's size.

Netradyne is a global company with offices in San Diego, San Francisco, Nashville, and Bangalore, India and offers customer support in United States, Canada, United

3:25-cv-1722-RBM- GC

Kingdom and India. Dkt. No. 14-2. It claims it was awarded "Forbes Best Startup Employers List 2023 – 2025." *Id.* In January 2025, Respondent raised $90 million based on a $1.35 billion valuation, and in 2022 it raised $65 million based on a $1.00 billon valuation. Dkt. Nos. 14-3, 14-4. Netraydyne's legal expenses of $7,645 are not significant for a company of this stature and while "a nonparty's financial status is not dispositive in every instance," Netradyne did "not provide any basis for the Court to determine that it is not financially able to bear the entirety of the costs of production." *Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*, 319 F.R.D. 277, 283 (N.D. Cal. 2017) (quotations and citations omitted). Thus, the Court finds that the attorney's fees Netradyne seeks to shift onto Petitioners do not rise to the level of "significant" and, therefore, are not shifted pursuant to Rule 45(d)(2)(B)(ii).

## IV.  CONCLUSION

Based on the above, the Court **DENIES** Respondent's Motion.

**IT IS SO ORDERED.**

Dated:  April 14, 2026

Hon. Guillermo Cabrera
United States Magistrate Judge

3:25-cv-1722-RBM- GC